United States District Court
Southern District of Texas
**ENTERED**
September 27, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ERIC VINCENTE ROSTRO PARRAL, §
#A-73114094, §
 §
    Petitioner, §
 §
v. § CIVIL ACTION NO. H-17-2123
 §
WARDEN ROBERT LACY, JR., §
 §
    Respondent. §

**MEMORANDUM AND ORDER**

Petitioner, Eric Vincente Rostro Parral ("Parral"), has filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241, seeking to reopen his removal proceedings. (Docket Entry No. 1). Parral has also filed an application for leave to proceed *in forma pauperis* and a copy of his prisoner trust fund statement. (Docket Entry Nos. 2, 3). After considering all of the pleadings, the Court concludes that this case must be dismissed without prejudice for lack of jurisdiction.

**I. Background**

Parral is currently in custody of the United States Immigration and Customs Enforcement ("ICE") at the Houston

Processing Center.[1] Parral challenges a removal order entered on March 18, 2004, alleging that the proceeding was tainted by ineffective assistance of counsel and that his lawyer gave him the wrong advice when he missed his appointment and his application was denied.[2] Parral claims that his lawyer should have advised him to file a motion to reopen within thirty days of the denial, but instead counsel told him that there was nothing he could do.[3] He also alleges that his daughter already filed a new I-130 petition that has been approved since December 23, 2016.[4] For relief, Parral seeks to reopen his removal case.[5]

## II. **Discussion**

Parral objects to the removal order entered against him, seeking to reopen his removal proceedings. This Court lacks jurisdiction to consider a challenge to an order of removal under the REAL ID Act of 2005, codified as amended at 8 U.S.C. § 1252(a). This statute makes a petition for review to the applicable circuit court of appeals the "sole and exclusive means of judicial review" for orders of removal:

---

[1] Docket Entry No. 1 at 1.

[2] Id. at 2, 12.

[3] Id. at 6-7, 12.

[4] Id. at 7.

[5] Id.

> Exclusive Means of Review — Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e). For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5). The REAL ID Act "divested district courts of jurisdiction over removal orders and designated the courts of appeals as the sole forums for such challenges via petitions for review." Moreira v. Mukasey, 509 F.3d 709, 712 (5th Cir. 2007) (citing 8 U.S.C. § 1252(a)(5)). Because the REAL ID Act precludes jurisdiction over petitions of the sort filed in this case, the Court has no authority to consider the proposed claims concerning Parral's removal order. Accordingly, Parral's claims concerning his removal order must be dismissed without prejudice for lack of jurisdiction.

### III. ORDER

Based on the foregoing, it is hereby

**ORDERED** that the Petition (Docket Entry No. 1) is **DISMISSED** without prejudice; and it is

**ORDERED** that Parral's motion to proceed *in forma pauperis* (Docket Entry No. 2) is **GRANTED**.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 27TH day of Sept., 2017.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE